UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TANGEE LEWIS,

      *Plaintiff*,

  v.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA,
*et al.*,

      *Defendants*.

Civil Action No. 25 - 4533 (UNA)

## MEMORANDUM OPINION

This matter is before the court on Plaintiff Tangee Lewis's application to proceed *in forma pauperis*, ECF No. 2, pro se complaint, ECF No. 1, and motions for leave to use a Post Office box, ECF No. 3, for emergency relief, ECF Nos. 4, 6, and for a CM/ECF password, ECF No. 5. For the reasons explained below, the court will grant Ms. Lewis's application to proceed *in forma pauperis* and motion to use a Post Office box, dismiss the complaint with prejudice, and deny the remaining motions as moot.

Ms. Lewis names as defendants the U.S. District Court for the District of Columbia, the U.S. Court of Appeals for the D.C. Circuit, U.S. District Judge Carl J. Nichols, and several staff in the district court's Clerk's Office. ECF No. 1, at 1. Her claims arise from the dismissal of her prior suit, *see Lewis v. Fed. Bureau of Investigation*, No. 25-CV-3588 (D.D.C. Nov. 5, 2025), ECF Nos. 11, 12, and her subsequent encounters with the staff in the Clerk's Office, *see* ECF No. 1,

at 6-7.¹  Generally, Ms. Lewis alleges that Clerk's Office staff refused to answer her questions about why her suit was dismissed, entered erroneous docket entries, and otherwise failed to assist her.  *See* ECF No. 1, at 6-7.  She alleges that the employees' actions interfered with her suit, which sought investigations into the crimes and abuse committed against her and her children.  *See id*. at 8-10.  Ms. Lewis requests that the court "intervene [to] help" her children, allow her original suit to proceed, and award her $12 trillion in damages.  *Id*. at 10.

As an initial matter, courts and judges are absolutely immune from suits arising from their official actions.  *Forrester v. White,* 484 U.S. 219, 225 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978).  The court will accordingly dismiss both courts and Judge Nichols from the case.

Absolute judicial immunity also extends to court staff in the performance of "tasks that are an integral part of the judicial process."  *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see Jones v. U.S. Sup. Ct.*, No. 10-CV-910, 2010 WL 2363678, at *1 (D.D.C. June 9, 2010) (concluding that court staff are immune from suits for damages arising from activities such as the "receipt and processing of a litigant's filings"), *aff'd sub nom.*, *Jones v. Sup. Ct. of U.S.*, 405 F. App'x 508 (D.C. Cir. 2010) (per curiam), *aff'd*, 131 S. Ct. 1824 (2011); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (dismissing claims against a court employee based on her handling of court submissions), *aff'd*, No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015).  Court staff are immune even if they err in performing those tasks.  *Sindram*, 986 F.2d at 1461 (holding that the issuance of an erroneous order barring a litigant from access to the court was an "integral part[] of the judicial process").  The actions of Clerk's Office staff that Ms. Lewis challenges are

---

¹ When citing Ms. Lewis's complaint, ECF No. 1, the court refers to the CM/ECF-generated numbers at the top of each page rather than any internal pagination.

"part and parcel of the process of adjudicating cases." *Jones*, 2010 WL 2363678, at *1. The court will therefore dismiss the Clerk's Office defendants as well.[2]

Accordingly, the court will grant Ms. Lewis's application to proceed *in forma pauperis*, ECF No. 2, and her motion to use a Post Office box, ECF No. 3, dismiss the complaint with prejudice, ECF No. 1, and deny the remaining motions as moot, ECF Nos. 4, 5. A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:  February 3, 2026

---

[2] Dismissals on the basis of absolute immunity are with prejudice. *See Fournerat v. Higgins*, No. 24-CV-2520, 2024 WL 4528973, at *1 (D.D.C. Oct. 18, 2024).

3